IN THE UNITED STATES DISTRICT C**RECEIVED**
FOR THE MIDDLE DISTRICT OF ALABAMA
2018 OCT -1 A 11: 18
NORTHERN DIVISION
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

JOHNNY HUGHLEY, )
    Plaintiff, )
VS. ) CASE NO.: 2:18-CV-578-
  ) MHT-GMB.
ALABAMA DEPARTMENT OF ) **DEMAND FOR JURY TRIAL**
CORRECTIONS, et. al., )
    Defendants. )

## SECOND AMENDED COMPLAINT

1. Plaintiff herein is a resident and citizen of Opelika, Alabama.

2. Defendant State of Alabama is a State territory in the United States Union.

3. Defendant Alabama Department of Corrections is a Corporation doing business in the State of Alabama.

4. Defendant Alabama State Bar Association is a Foreign Corporation doing business in Alabama.

5. Defendant United States Bureau of Prisons is a foreign Corporations doing business in Alabama.

6. Defendant John A. Tinney is a resident of Roanoke, Alabama.

1

7. Defendant Fred Gray, Sr., is a resident of Tuskegee, Alabama.

8. Defendant Lee County, Alabama is a Corporation doing business in Opelika, Alabama.

9. Defendant C.S. Whiteley is a resident of Opelika, Alabama.

10. Defendant Mike D. Cook (deceased), Lanett, AL.

## STATE OF CLAIM(S)

11. That the Plaintiff Claim on or about May 15, 1986, he filed a Civil Action Against Motors Insurance Corporation, Royal Oldsmobile, Columbus, Inc, And Tony Cocus (Case No.: CV-86-58) Circuit Court of Macon County, Alabama.).

12. The Plaintiffs avers that On or About October 16, 1987 That Defendant, State of Alabama Caused him to be illegally detained in a Chambers County Jail (and state Prison), against his free will, in violation of the 13th Amendment of the United States Constitution;

    a) The facts will show Proof that the defendant held Plaintiff Against his Free will, and;

2

b) that the Plaintiff was never Convicted nor did the Plaintiff admitt guilt (as charged in the indictment); and,

c) that the defendant held the Plaintiff as a slaved inmate up to and including enough time to allow him to Lose a Place, businesses, address, and settlements.

14. The facts will show that Defendant Alabama Department of Correction held the Plaintiff falsely imprisoned, against his free will, slaved the Plaintiff, hard labor, and denied Plaintiff Access to Court, whereby the Plaintiff was held illegally detained and forced labored upon the Plaintiff utilizing a Fraudulent document. The records will show that Mr. Hashie's never admitted guilt, nor did the State prove he was guilty of Rape, And the defendant was fully aware that the document was illegally obtained, and continued to hold Plaintiff falsely imprisoned under Inmate number A.Z.S. # 150512 (state of Alabama). The Defendant was able to make money off the Plaintiff false imprisonment and slavery, in violation of the 13th Amendment And Color of Law.

3

5. The facts and records will show that Defendants, John A. Tinney, Gred Gray, Sr., C.S. Whittelsy, and Mike D. Cook, Conspired to and defrauded the Plaintiff out of his settlement funds (see: paragraph eleventh (11) in support herein) and;

    a) That the facts will show that the Plaintiff Provided the defendants' each, and on every occasions with the same transcripts(s), transcripts that A Court utilized when it Ruled that the Plaintiff Conviction for Rape Second should be set Aside, and;

    b) that the facts will show proof that the other attorneys was hired by John A. Tinney. And that at no time did the defendants give him any money from the settlement, as the defendant was fully aware that the Plaintiff was held illegally, and in prison against his will. and;

    c) the Plaintiff did not learn of the Fraud perpetrated upon him until May, 2018, before the Macon County, Alabama Court Hearing.

4

16. The facts of this case will show that defendant Alabama State Bar Assiocation intended to and defrauded the Plaintiff out of insurance funds that members used to cover, when he requested reimburstment for bad conducted whereas he was ~~defraud~~ defrauded out of a settlements.

17. That the facts will show that Defendant United States Bureau of Prisons benefit off or and utilized a illegally obtained conviction and caused hard labor upon the Plaintiff, when the defendants was made fully aware that said information was in violation of Plaintiffs Constitutional Rights.

18. That the facts will further show that defendant Lee County, Alabama (Sheriff Major, Captain majors) did in fact commit knowningly Perjury testimony to obtain an indictment of the Plaintiff, when in fact he knew that Mt. Sillinary Baptish Church was false (CC-2011-685) in violation of The Color of law. See: <u>Andrews vs. Scuilli</u> (D:15-CV-03393) Third (3rd) Circuit of Appeals, (2017) (Same).

19. The records will show proof that the Defendant State of Alabama utilized the fraudlently Conviction to enhanced a sentence and obtained Conviction in case number CC-90-1989 (Lee County Circuit Court) and CR-98-97-E, (middle district of Ala.), and and indictment for failure to Register.

20. The Plaintiff would state that as a result of Defendants' Action he was illegally detained, discriminated against, loss benefits, and suffered Public embarressment.

21. The Plaintiff would also state that defendants Fraud is defined by Code of Alabama, Section 6-5-101 and 6-5-103 and 6-5-104; and Plaintiff would state that the Defendants' violation of Plaintiff 13th Amendment and 14th Amendment Claims is A Violation of the Color of Law and in violation of Title 18, United States Code, Section 242.

Clearly, The Plaintiff was Continued held and seized by the defendants in violation of his 4th, 8th, 13, and 14th Amendment Rights of the U.S. Constitution. And Denied Equal Protection by the Courts, whereas he sought and filed numerous Petition on State/federal level, arguing the Exact same claims of innocent, on every occasions the records will Show.

22. The Plaintiff Claims Punitive damages of All defendants, and to be fully Compensated (with loss and interest), and to be Compensated for the defendants, defrauded him out of in Civil Action CV-86-58; Macon County, Alabama.

The Plaintiff is also Claiming Punitive damages of All defendants, which will be desided by A Jury.

Done This the 1st day of The Lord, October, 2018.

Respectfully Submitted.

Pursuant to Rule 15(c), Fed.R.Civ.Proc.,

_John Hughley_
Plaintiff
Johnny Hughley
1412 South Long St. lot #6
Opelika, AL. 36801
Phone #: 334-663-3600

7

The Plaintiff Demands Trial by A Struck Jury.

*Johnny Hughley*
Johnny Hughley

I Johnny Hughley, being first Duly Sworn on Oath according to law, discloses and says that he has read the foregoing Amended Rule 15(c), Fed. R. Civ. Proc. 1 Complaint and that the matters stated therein are True to the best of his knowledge.

Date: 10-01-2018

*Johnny Hughley*
Johnny Hughley

Subscribed and Sworn to before me on this the 1st day of the Lord, October, 2018

*Willie Mae Lilly*

NOTARY PUBLIC

My Commission Expires: 5-23-2020



8