IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHHNY HUGHLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-cv-578-MHT-GMB |
| | ) | [WO] |
| ALABAMA DEPARTMENT, | ) | |
| OF CORRECTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is the *pro se* complaint of Plaintiff Johnny Hughley. Doc. 6.  Also pending is a motion to proceed *in forma pauperis* (Doc. 2) and a motion for preliminary injunction. Doc. 8.  Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. Doc. 3.  For the reasons stated below, the Magistrate Judge RECOMMENDS that the motion to proceed *in forma pauperis* (Doc. 2) be GRANTED, but that the motion for preliminary injunction (Doc. 8) be DENIED, that Hughley's federal claims be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)[1] for failure to state a claim upon which relief can be granted, and that Hughley's state-law claims be DISMISSED without prejudice.

---

[1] This statute provides, in pertinent part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B).

## I.  JURISDICTION AND VENUE

The court has subject-matter jurisdiction over the claims in the action pursuant to 28 U.S.C. §§ 1331 and 1367.  The court finds adequate allegations to support both jurisdiction and venue in the Middle District of Alabama.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The facts in this recommendation are those alleged in the Second Amended Complaint. Doc. 6.  On May 15, 1986, Hughley filed a civil action against Motors Insurance Corporation; Royal Oldsmobile; Columbus, Inc.; and Tony Cocus. Doc. 6 at 2. On or about October 16, 1987, the State of Alabama illegally detained Hughley in the Chambers County jail and in state prison. Doc. 6 at 2.  The complaint does not allege on what basis Chambers County detained Hughley, but it does claim that he was never convicted of rape or admitted that he was guilty of rape. Doc. 6 at 3.  Hughley also submitted evidence indicating that he had been convicted for rape in the second degree but that the conviction was later set aside and the case dismissed. Doc. 1-1.

During the time in which Hughley was held in custody, he lost his residence and business. Doc. 6 at 3.  And, while incarcerated, the Alabama Department of Corrections subjected him to hard labor, made money from his work, and denied him access to the court based on a fraudulent document that it knew to have been obtained illegally. Doc. 6 at 3.

Further, attorneys John A. Tinney; Fred Gray, Sr.; C.S. Whittelsey; and Mike D. Cook defrauded Hughley out of certain settlement funds even though he provided them with transcripts indicating that his rape conviction had been set aside. Doc. 6 at 4.  Hughley

did not learn of this fraud until May 2018. Doc. 6 at 4.  When he requested reimbursement for the attorneys' conduct, the Alabama State Bar Association intentionally defrauded him out of insurance funds that should have covered his loss. Doc. 6 at 5.

Additionally, Captain Majors of the Lee County, Alabama Sheriff's Office intentionally committed perjury to obtain an indictment of Hughley. Doc. 6 at 5.  The State of Alabama utilized this fraudulent conviction to enhance Hughley's sentence and obtain another conviction against him. Doc. 6 at 6.

### III. STANDARD OF REVIEW

**A.     Section 1915 Dismissal**

The same standards governing dismissal under Federal Rule of Civil Procedure 12(b)(6) also govern the review of a complaint under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008).  In evaluating the sufficiency of a complaint, the court must indulge reasonable inferences in the plaintiff's favor but is "not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).  Similarly, "unwarranted deductions of fact" are not admitted as true for the purpose of testing the sufficiency of a plaintiff's allegations. *Id.*

A complaint may be dismissed if the facts as pleaded do not state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 679 (explaining that "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561, 570 (2007) (retiring the prior standard allowing dismissal only where "it appears beyond doubt that the plaintiff can prove no set of facts in support

of his claim"). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). "[U]nadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678. Further, when a successful affirmative defense, such as the statute of limitations, appears on the face of the complaint, dismissal for failure to state a claim is warranted. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

In addition to the pleading requirements of *Twombly* and *Iqbal*, a plaintiff's *pro se* status must be considered when evaluating the sufficiency of a complaint. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Yet any leniency cannot serve as a substitute for pleading a proper cause of action. *See Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (recognizing that although courts must show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action") (internal quotation marks omitted). "While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie*

*Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

**B.     Preliminary Injunctive Relief**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court many grant a preliminary injunction only if Plaintiff demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Id.*; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber & Yacht Corp.*, 697 F.2d 1352, 1354–55 (11th Cir. 1983). "In this Circuit, [a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four prerequisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (holding that a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (holding that the grant of a preliminary injunction "is the exception rather than the rule," and the movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir.

1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").  "The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (internal citation omitted).

## III.  DISCUSSION

The court, mindful of Hughley's *pro se* status, attempts to identify and address any cognizable claims even though his second amended complaint reasonably could be construed as a shotgun complaint. *See McCall v. Bank of America, N.A.*, 2016 WL 5402748 (M.D. Ala. Sept. 26, 2016).  Regardless of their inartful pleading, Hughley's claims are due to be dismissed.

Hughley broadly asserts Fourth Amendment, Eighth Amendment, Thirteenth Amendment, and Fourteenth Amendment claims against all defendants. Doc. 6 at 7.  He also alleges fraud, perjury, and malicious prosecution. Doc. 6 at 5–6.  The court construes Hughley's complaint as bringing a Thirteenth Amendment claim against the United States Bureau of Prisons ("BOP"), the State of Alabama, and the Alabama Department of Corrections ("ADOC").  The court finds that Hughley also attempts to assert a Fourth Amendment claim against the BOP, Alabama, and ADOC, and a Fourteenth Amendment due process claim against ADOC.  The court construes any Eighth Amendment claim to apply to the ADOC, the BOP, the State of Alabama, and Lee County.  Hughley's fraud allegations are directed towards the Alabama State Bar Association and attorneys John A.

6

Tinney; Fred Gray, Sr.; C.S. Whittelsey; and Mike D. Cook.  The perjury and malicious prosecution claims are directed towards Lee County.  Hughley seeks punitive and compensatory damages against all defendants. Doc. 6 at 7.  His complaint does not seek injunctive relief, but he filed a separate motion for a preliminary injunction. Doc. 9.

## A.    Preliminary Injunction

Hughley is not entitled to the drastic relief of a preliminary injunction, which would issue only upon proof of (1) a substantial likelihood of success on the merits, (2) that irreparable injury will occur absent issuance of an injunction, (3) that the threatened injury outweighs the potential damage the requested injunction may cause Defendants, and (4) that the injunction would not be adverse to the public interest. *See McDonald's Corp.*, 147 F.3d at 1306.

As discussed below, Hughley's claims are due to be dismissed.  In addition, Hughley's request for a preliminary injunctive relief (Doc. 8) is devoid of any allegation that he will suffer specific and irreparable harm if an injunction is not issued, which requires a showing of harm that "cannot be redressed by a legal or an equitable remedy" through the ordinary course of litigation. *See Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3rd. Cir. 1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm").  And it is unclear what Hughley's requested relief would even entail, preventing the court from determining the burden an injunction would place on the defendants.  In fact, the vague relief requested appears to be directed at individuals identified as "Prosecutor Tickle" and "Officer Geoffrey Mark Yeager, Jr.," neither of whom are named as defendants in this action. Doc. 8.  Accordingly, a preliminary

injunction is not warranted.

## B.   Immunity from Suit for Monetary Damages

Title 42 U.S.C. § 1983 imposes liability on any person who, under color of state law, deprives any citizen of the United States "of any rights, privileges, or immunities secured by the Constitution and laws[.]"  In this way, § 1983 provides citizens with the mechanism to enforce their individual rights guaranteed by the United States Constitution. *E.g.*, *Gonzaga Univ. v. Doe*, 536 U.S 273, 285 (2002); *Micklas v. Doe*, 450 F. App'x 856, 857 (11th Cir. 2012).  Accordingly, the court will address Hughley's claims through the lens of § 1983 even though he does not explicitly invoke that statute.[2]  As referenced above, Hughley seeks only monetary damages in his second amended complaint.  His § 1983 claims are due for dismissal because Hughley cannot establish a viable claim against the governmental entities he has sued.

### 1.   *United States Bureau of Prisons*

Hughley alleges that the BOP "[benefitted] off or and utilized [an] illegally obtained conviction and caused hard labor upon the Plaintiff, when the defendants [were] made fully aware that such information was in violation of Plaintiff's Constitutional rights." Doc. 6 at 5.  But the BOP is entitled to sovereign immunity from Hughley's claims.  "Under settled principles of sovereign immunity, the United States, as a sovereign, is immune from suit,

---

[2] Hughley alleges instead that the defendants' actions amount to a violation of Title 18 U.S.C. § 242. Doc. 6 at 6.  "Section 242 makes it a crime for a state official to act 'willfully' and under color of law to deprive a person of rights protected by the Constitution." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002).  But § 242 "pertain[s] to criminal law and [does] not provide a civil cause of action or any civil remedies." *Thibeaux v. U.S. Atty. Gen.*, 275 F. App'x 889, 893 (11th Cir. 2008).  There is no private right of action under § 242. *Hirsch v. Matthews*, 2017 WL 4639033, at *13 (N.D. Ala. 2017) (citing *Thibeaux*, 275 F. App'x at 893).

save as it consents to be sued." *Nalls v. Bureau of Prisons of U.S.*, 359 F. App'x 99, 100

(11th Cir. 2009) (quoting *United States v. Dalm*, 494 U.S. 596, 110 (1990)).  This immunity

applies to agencies of the United States as well.  "[F]ederal agencies cannot be sued for

damages arising from an agency's alleged violation of a plaintiff's constitutional rights."

*Scaff-Martinez v. Fed. Bureau of Prisons*, 160 F. App'x 955, 957 (11th Cir. 2005) (citing

*F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994)).   The BOP is a federal agency. *Id.*

Consequently, Hughley cannot maintain an action for money damages against the BOP.

   2.   **The State of Alabama**

   Hughley claims that Alabama illegally detained him in the Chambers County jail

and in state prison in violation of the Thirteenth Amendment. Doc. 6 at 2.  He also alleges

that the State of Alabama utilized his fraudulent conviction to enhance his sentence and

obtain a conviction against him in another criminal case. Doc. 6 at 3.  But the state also is

immune from § 1983 liability because the Eleventh Amendment bars suits against a state

by its own citizens unless the state consents to being sued. *Edelman v. Jordan*, 415 U.S.

651, 663 (1974); *Brown v. Fla. Dep't of Rev. Office of Child Support Enf.*, 697 F. App'x

692 (11th Cir. 2017) (recognizing that "The Supreme Court has extended Eleventh

Amendment immunity to prevent suits in federal court against a state by its own citizens").

A state also may be sued if Congress has abrogated the state's immunity when it acts

pursuant to the enforcement provisions of section 5 of the fourteenth amendment.

*See Seminole Tribe v. Florida*, 517 U.S. 44, 59 (1996) (discussing abrogation by Congress);

*Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (discussing Eleventh

Amendment immunity).   But Alabama has not waived its immunity, *Carr v. City of*

9

*Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990), nor has Congress has abrogated Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U.S. 332, 338 (1979). Accordingly, the State of Alabama cannot be held liable for Hughley's § 1983 claims for monetary damages.

### 3.     Alabama Department of Corrections

Hughley alleges that the ADOC falsely imprisoned him, enslaved him, and denied him access to the courts based upon a fraudulent document. Doc. 6 at 3.  These claims are not viable against the ADOC.  "It is clear . . . that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Halderman*, 465 U.S. at 100.  "The law is well-settled that state agencies are absolutely immune from suit." *Dobbins v. Giles*, 2008 WL 4709236 (M.D. Ala. Oct. 24, 2008) (dismissing suit against the Alabama Department of Corrections as frivolous).  And a suit against a state department is no different than a suit against the State itself. *Greffey v. State of Ala. Dep't of Corrs.*, 996 F. Supp. 1368, 1377 (N.D. Ala. March 20, 1998) (internal citation omitted) (dismissing suit against ADOC on § 1983 immunity grounds).  Because the ADOC is a state agency, Hughley cannot maintain a § 1983 suit for damages against it.

### 4.     Lee County

Hughley has not established a viable claim against Lee County either. "[M]unicipalities—a term which encompasses counties—are subject to suits for damages under §1983." *Vinson v. Clarke Cnty., Ala.*, 10 F. Supp. 2d 1282, 1294 (S.D. Ala. June 17, 1998).  But a county cannot be sued for the actions of its agents and is only liable when it

maintains a policy that causes the constitutional violation. *Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003).  In other words, Hughley must identify a municipal policy or custom that caused his injury. *Id.* (internal citation omitted).  That policy either can be an officially promulgated policy or an unofficial custom or practice. *Id.*  Hughley has alleged neither.  Because Hughley has not identified any Lee County policy, custom, or practice that resulted in a violation of his constitutional rights, the County cannot be found liable under § 1983.

## C.     Remaining State-Law Claims

Hughley alleges that John A. Tinney; Fred Gray, Sr.; C.S. Whittelsey; and Mike D. Cook conspired to defraud him out of his settlement funds. Doc. 6 at 4.  He also claims that the Alabama State Bar Association intentionally defrauded him out of insurance funds. *See* Doc. 6 at 5.  He argues that these fraud schemes violate Alabama Code §§ 6-5-101, -103, and -104. Doc. 6 at 6.

Pursuant to 28 U.S.C. § 1367(c)(3), the court recommends that the District Court decline to exercise supplemental jurisdiction over Hughley's state-law claims because his federal claims are due to be dismissed. *See* 28 U.S.C. § 1367(c)(3) (stating that a district court may decline to exercise supplemental jurisdiction over a claim if 'the district court has dismissed all claims over which it has original jurisdiction"). Section 1367(c) provides that the district courts may decline to exercise supplemental jurisdiction over a claim if "(1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original

11

jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. §§ 1367(c)(1)–(4).   Where all federal claims are dismissed prior to trial, district courts are encouraged to dismiss any remaining state-law claims. *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.").   Before dismissing the remaining state-law claims, courts should consider the factors of judicial economy, convenience, fairness, and comity. *See Ameritox, Ltd. V. Millennium Labs., Inc.*, 803 F.3d 518, 532 (11th Cir. 2015) (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

"Both comity and economy are served when issues of state law are resolved by state courts." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002).   "Federal courts are (and should be) loath to wade into uncharted waters of state law, and should only do so when absolutely necessary to the disposition of a case." *Ameritox*, 803 F.3d at 540. Indeed, the Supreme Court has declared that "[n]eedless decisions of state law should be avoided as a matter of comity and to promote justice between the parties, by procuring them a surer-footed reading of applicable law." *United Mine Workers v. Gibbs*, 282 U.S. 715, 726 (1966).   The court can discern no reason to depart from this rule of thumb by adjudicating Hughley's state-law claims if his federal claims are dismissed prior to service of process.   Further, there is nothing before the court to suggest that the remaining factors

weigh in favor of retaining subject-matter jurisdiction.  Accordingly, the court recommends that the District Court decline to exercise supplemental jurisdiction over Hughley's state-law claims pursuant to § 1367(c)(3).

### III.  CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1.      The Motion to Proceed *in forma pauperis* (Doc. 2) be GRANTED; but

2.      That Hughley's federal claims be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted; and

3.      That the court decline to exercise supplemental jurisdiction and DISMISS without prejudice Hughley's state-law claims; and

4.      That the Motion for Preliminary Injunction filed by Plaintiff (Doc. 8) be DENIED.

It is further ORDERED that Hughley is DIRECTED to file any objections to the report and recommendation **not later than February 27, 2019**.  Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  Hughley is advised that this report and recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo*

determination by the District Court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 13th day of February, 2019.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE